**Opinion filed June 6, 2019**



### In The

# Eleventh Court of Appeals

_____

## Nos. 11-18-00339-CR & 11-18-00340-CR

_____

## LARRY LEE PURSELLEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**

**Throckmorton County, Texas**

**Trial Court Cause Nos. 1264 & 1275**

### M E M O R A N D U M   O P I N I O N

Appellant, Larry Lee Purselley, originally pleaded guilty to the state jail felony offenses of possession of a controlled substance (less than one gram of methamphetamine) and burglary of a building. Pursuant to the terms of the plea agreement in each cause, the trial court convicted Appellant; assessed his punishment at confinement in a state jail facility for twenty-four months in each cause, to run concurrently, and a $1,500 fine in the possession cause; suspended the imposition of confinement; and placed Appellant on community supervision for four

years. About two weeks later, the State filed motions to revoke Appellant's community supervision. At a hearing on the motions, Appellant pleaded not true to the State's allegations. The trial court found all of the State's allegations to be true, revoked Appellant's community supervision, and imposed the original sentence in each cause: confinement in a state jail facility for twenty-four months, to run concurrently, and a fine of $1,500 in the possession cause. We affirm.

Appellant's court-appointed counsel has filed in this court a motion to withdraw as counsel in both appeals. The motion is supported by a brief in which counsel professionally and conscientiously examines the records and applicable law and concludes that the appeals are frivolous. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, and a copy of the record. Counsel advised Appellant of his right to review the record in each cause and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has filed a response to counsel's *Anders* brief. In his response, Appellant asserts that his counsel did not properly advise him of the consequences of rejecting the State's plea bargain offer with respect to revocation. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief

the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are frivolous. The record reflects that no objections were made at the revocation hearing, that Appellant's probation officer provided testimony in support of the motions to revoke, and that Appellant testified that his violations stemmed from a "misunderstanding." We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the records, we agree with counsel that no arguable grounds for appeal exist.[1]

The motion to withdraw is granted in each cause, and the judgments of the trial court are affirmed.

PER CURIAM

June 6, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.